**SO ORDERED.**

**SIGNED this 22 day of June, 2018.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

| | |
|---|---|
| **IN RE:** | |
| **PROVIDENCE WIRELESS, LLC** | **CASE NO. 18-11940-RAM** <br> **CHAPTER 11** <br><br> **(A Chapter 11 Case Pending in the U.S. Bankruptcy Court for the Southern District of Florida)** |
| **MCGRATH RENTCORP d/b/a TRS-RENTELCO,** <br><br> Plaintiff, <br><br> v. <br><br> **TCI TRIANGLE, INC. and TOWERCOMM, LLC,** <br><br> Defendants | **MISC. PRO. NO. 18-00001-5-SWH** |
| **TCI TRIANGLE, INC.,** <br><br> Third-Party Plaintiff | |

1

v.

**BANYAN EQUITY INVESTORS II, INC.,
BANYAN MEZZANINE FUND II, L.P.,
JAMES "JIM" DAVIDSON, ACM CAPITAL
FUND I, LLC, ACM CAPITAL ADVISORS
GP, LLC, ACM AVIATION STAFFING, LLC,
JAMES "JIM" MARTIN, DA THREE, DE
ANDA CAPITAL, LLC, CENTRAL ILLINOIS
ANESTHESIA SERVICES LTD. PROFIT
SHARING PLAN, MICHAEL DE ANDA, and
PROVIDENCE WIRELESS, LLC,**

**Third-Party Defendants,**

---

**MCGRATH RENTCORP d/b/a TRS-RENTELCO,**

**Plaintiff,**

v.

**BANYAN EQUITY INVESTORS II, INC.,
BANYAN MEZZANINE FUND II, L.P.,
JAMES "JIM" DAVIDSON, ACM CAPITAL
FUND I, LLC, ACM CAPITAL ADVISORS
GP, LLC, ACM AVIATION STAFFING, LLC,
JAMES "JIM" MARTIN, DA THREE, DE
ANDA CAPITAL, LLC, CENTRAL ILLINOIS
ANESTHESIA SERVICES LTD. PROFIT
SHARING PLAN, MICHAEL DE ANDA, and
PROVIDENCE WIRELESS, LLC,**

**Third-Party Defendants.**

## ORDER GRANTING MOTIONS TO REMAND AND
## DENYING MOTION FOR LEAVE TO AMEND

The matters before the court are the Motion to Remand and Abstain filed by TCI Triangle, Inc. ("TCI") on March 29, 2018, Dkt. 17 and the Motion to Remand filed by McGrath RentCorp ("McGrath") on March 29, 2018, Dkt. 22 (collectively, the "Motions to Remand"). A response in opposition was filed by twelve third-party defendants on April 19, 2018, Dkt. 27 (the "Response").

A hearing was held in Raleigh, North Carolina on April 27, 2018, following which the court took the matter under advisement and invited the parties to file supplemental briefs on the issues raised at the hearing. TCI, McGrath, and the third-party defendants filed briefs in support of their positions on May 2, 2018, Dkts. 37, 38, and 40. The third-party defendants filed a Motion for Leave to Amend Notice of Removal on May 2, 2018, Dkt. 39 (the "Motion for Leave"). After a review of the case record, supplemental memoranda filed by the parties, and the parties' arguments, the Motions to Remand will be granted, and the Motion for Leave will be denied.

## BACKGROUND

A. State Court Lawsuit

It is useful to first discuss the procedural history of the underlying state court lawsuit that Providence Wireless, LLC seeks to remove. McGrath initiated a breach of contract action against TCI and TowerComm, LLC ("TowerComm") in Wake County Superior Court on April 11, 2017 (the "State Court Lawsuit"). McGrath properly served TCI and TowerComm with the complaint. TCI accepted service of process on May 10, 2017 and filed its answer to the complaint on June 23, 2017.[1]

On January 10, 2018, TCI filed an amended answer, in which it asserted defenses as to McGrath's claims, crossclaims against TowerComm, and third-party claims[2] against thirteen additional defendants (the "Amended Answer"), including an entity named "Providence Wireless, LLC." TCI's Amended Answer identifies Providence Wireless, LLC as a "Delaware limited liability company with its principal place of business in Miami-Dade County, Florida." TCI served the Amended Answer on all of the third-party defendants via Federal Express, and TCI served

---

[1] Default judgment was entered against TowerComm on September 12, 2017 pursuant to Rule 55(a) of the North Carolina Rules of Civil Procedure.
[2] All of TCI's claims against the third-party defendants are based on a theory that the third-party defendants are alter egos of TowerComm. The claims specifically include: (1) indemnification; (2) piercing the corporate veil; (3) successor liability; (4) civil conspiracy; and (5) fraudulent transfer.

3

Providence Wireless, LLC at the following address: "Corporation Service Company, Registered Agent, 251 Little Falls Drive, Wilmington, DE 19808."

On January 16, 2018, McGrath filed an amended complaint in Wake County Superior Court (the "Amended Complaint"). In the Amended Complaint, McGrath brought claims against third-party defendants identical to those named in TCI's Amended Answer. Importantly, McGrath also served the summons and complaint upon "Providence Wireless, LLC" at the address of its registered agent, which is listed on the certificate of service as "Corporation Service Company, Registered Agent, 251 Little Falls Drive, Wilmington, DE 19808."

On February 13, 2018, TCI filed a second amended answer (the "Second Amended Answer." The certificate of service attached to the Second Amended Answer indicates that Providence Wireless, LLC's registered agent was served with process via United States Mail at the following address: "Corporation Service Company, Registered Agent, 251 Little Falls Drive, Wilmington, DE 19808."

B. Identification of the Parties

There are three Providence Wireless, LLC entities: (1) a Delaware limited liability company named ACM Capital Advisors, GP, LLC, which existed as "Providence Wireless, LLC" from September 18, 2017 until February 2, 2018; (2) a Delaware limited liability company; and (3) a Florida limited liability company.

First, a limited liability company named Providence Wireless, LLC existed in Delaware beginning on September 18, 2017. This entity was previously ACM Capital Advisors GP, LLC, but a name change was effectuated by James F. Martin on September 18, 2017, such that ACM Capital Advisors GP, LLC became Providence Wireless, LLC. The entity's registered agent and address of record did not change from Corporation Service Company with an address of 251 Little Falls Drive, Wilmington, Delaware. However, a certificate of nullification of the name change was

4

filed on February 2, 2018. As a result of the nullification, the entity's name reverted back to ACM Capital Advisors, GP, LLC on February 2, 2018. TCI served its Amended Answer upon "Providence Wireless, LLC" on January 11, 2018 at its registered agent's listed address, which is 251 Little Falls Drive, Wilmington, Delaware, during the interim period after the name change but before the filing of the certificate of nullification.

The second Providence Wireless, LLC ("Providence Delaware") is a Delaware limited liability company with its principal place of business in Miami-Dade County, Florida. It was formed on February 1, 2018 by James F. Martin. Its registered agent is Corporation Service Company, and its registered agent's address of record is 251 Little Falls Drive, Wilmington, Delaware 19808.

Finally, Providence Wireless, LLC ("Providence Florida") is a Florida limited liability company. Providence Florida was previously ACM Capital Holdings, LLC,[3] but a name change was effectuated on February 12, 2018. Providence Florida's registered agent is James F. Martin. Its registered agent's address of record is 2103 Coral Way, Suite 604, Miami, Florida, and its principal place of business is in Miami-Dade County, Florida.

C. Notice of Removal

Providence Florida filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Florida on February 21, 2018. *See* Case No.18-11940-RAM. On Official Form 201 of its petition, Providence Florida listed its address and principal place of business as "2103 Coral Way, Suite 604, Miami, FL, 33145." Mr. James Martin signed the petition as the debtor's authorized representative.

---

[3] Providence Florida formerly existed as ACM Capital Holdings, LLC. ACM Capital Holdings, LLC is a Florida entity and is separate and distinct from ACM Capital Advisors GP, LLC, which is a Delaware entity and a third-party defendant in the present action.

5

Providence Florida filed a Notice of Removal of Action to this court on February 27, 2018, Dkt. 1 (the "Notice of Removal"). The Notice of Removal states the following:

> Providence Wireless, LLC, by and through undersigned counsel, pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Fed. R. Bank. P., files the instant Notice of Removal of that certain state court action designated Case Number 17 CVS 4340 pending in the County of Wake, North Carolina Superior Court. . . .

Dkt. 1.

In the Notice of Removal, Providence Florida sets forth two jurisdictional bases for removing the matter from the state court. First, Providence Florida, as the removing party, contends that the third-party claims by TCI and the direct claims by McGrath come within the bankruptcy court's jurisdictional ambit contained in 28 U.S.C. § 1334 because they are "related to" its pending bankruptcy. Specifically, Providence Florida alleges that "the outcome of the . . . [a]ction has a direct effect on the value, extent, and use of the [bankruptcy] estate. . . ." Dkt. 1 at 2. Second, Providence Florida, as a chapter 11 debtor, asserts that the bankruptcy court has "related to" jurisdiction over the State Court Lawsuit based upon the alter ego claims alleged by TCI and McGrath. Providence Florida contends that the alter ego claims could render it liable for the debts of TowerComm and could render the third-party defendants, as alter egos of Providence Florida, liable for TowerComm's debts as well.

## PARTIES' POSITIONS AND ISSUE

In its Motion to Remand and supplemental brief, TCI primarily argues that Providence Florida was not named and served with process and is therefore not a "party" to the State Court Lawsuit, such that its removal under 28 U.S.C. § 1452(a) was improper. For that reason, TCI contends that the court lacks subject matter jurisdiction over the claims, and remand of the State Court Lawsuit is therefore required. Alternatively, TCI asks the court to mandatorily or permissively abstain from hearing the claims in the State Court Lawsuit pursuant to 28 U.S.C. §

1334(c). TCI also requests reimbursement of its fees and costs related to the removal to this court pursuant to 28 U.S.C. § 1447. In its Motion to Remand, McGrath adopts TCI's position.

In their Response, the twelve third-party defendants assert that: (1) this court has subject matter jurisdiction over the State Court Lawsuit; (2) the underlying claims are core in nature; (3) and that mandatory abstention is not necessary. In their supplemental brief, the third-party defendants first contend that the "misnomer principle" applies to these facts, i.e. the correct party was properly served under an incorrect name. They further assert that any technical defect in the naming or service of Providence Florida is not fatal to the removal of the suit, as Providence Florida is a real party in interest to the State Court Lawsuit.

The threshold issue before the court is whether Providence Florida is a "party" to the State Court Lawsuit pursuant to 28 U.S.C. § 1452(a). If Providence Florida is a "party," the court will proceed to consider whether its removal was proper, whether the court has jurisdiction over the State Court Lawsuit, and, finally, even if removal was proper and jurisdiction exists, whether equitable grounds to remand the action nonetheless exist.

## DISCUSSION

A. Removal of "Claims Related to Bankruptcy Cases"

Section 1452(a) of Title 28 of the United States Code governs the removal of "claims related to bankruptcy cases" to federal court and is the statute under which Providence Florida filed its Notice of Removal.[4] The statute provides:

> (a) A *party* may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or civil action by a governmental unit to enforce . . . [its] police or regulatory power, to the district court for the district where such civil action is pending, if such district court [has 28 U.S.C. § 1334 jurisdiction].

---

[4] Pursuant to the statute, a party's removal of a state court action under 28 U.S.C. § 1452(a) removes the action to federal district court. Here, Providence Florida's removal of the State Court Lawsuit was immediately referred to this court based on the Standing Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

7

28 U.S.C. § 1452(a) (emphasis added). Removal statutes are to be construed narrowly "because of the significant federalism concerns implicated," and "if federal jurisdiction is doubtful, a remand to state court is necessary." *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). The removing party bears the burden of proof to establish that jurisdiction exists. *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (explaining that "it is the party who urges jurisdiction upon the court who must always bear the burden of demonstrating that the case is one which is properly before the federal tribunal"); *see also Mountain Ridge State Bank v. Investor Funding Corp.*, 763 F. Supp 1282, 1288 (D.N.J. 1991) (noting that "the party seeking removal has the burden of showing that federal subject-matter jurisdiction exists, the filing of the notice of removal was timely, and that removal is proper").

A court's interpretation of a statute "begins with the statute's plain language." *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 331 (4th Cir. 2008). Pursuant to 28 U.S.C. § 1452(a), only a "party" may properly remove an action to bankruptcy court. This court interpreted the term "party," as contemplated in 28 U.S.C. § 1452(a), to mean "one who has either been served or is subject to some 'other authority-asserting measure stating the time within which the party served must appear and defend.'" *In re Croatan Surf Club, LLC*, Adv. Pro. No. 11-00097-8-SWH, 2011 WL 5909339, at *2 (Bankr. E.D.N.C. Aug 10, 2011) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350); *see also In re Queen Elizabeth Realty Corp.*, 502 B.R. 17, 22 (Bankr. S.D.N.Y. 2013) (explaining that "the term 'party' as used in [§ 1452(a)] is unambiguous, and refers to someone named in the complaint, and if a defendant, served with process"). If a removing individual or entity is not a "party," its "attempted removal" to the bankruptcy court becomes "a nullity." *In re Croatan Surf Club*, 2011 WL 5909339, at *3 (citations omitted), and

8

such an improper removal "does not vest the federal court with subject matter jurisdiction." *In re Queen Elizabeth Realty Corp.*, 502 B.R. at 22.

In this case, TCI accomplished service in accordance with North Carolina Rule of Civil Procedure 4(j)(6). TCI served its Amended Answer upon "Providence Wireless, LLC" via Federal Express to its registered agent at 251 Little Falls Drive, Wilmington, Delaware on January 11, 2018. McGrath then served its amended complaint upon "Providence Wireless, LLC" by mail to its registered agent by mail at 251 Little Falls Drive, Wilmington, Delaware on January 16, 2018. TCI served its Second Amended Answer upon "Providence Wireless, LLC" via its registered agent by mail at 251 Little Falls Drive, Wilmington, Delaware on February 13, 2018.

Based on these facts and this timeline, it is clear that Providence Florida, the debtor who removed this action, was not named or identified in any pleading and was not properly served at its registered agent's address of record in Miami, Florida. Further, it is clear that Providence Florida's predecessor, ACM Capital Holdings, LLC, was likewise not named in the State Court Lawsuit and not served with process. Instead, all attempts at service upon "Providence Wireless, LLC" by McGrath and TCI were made to a Delaware entity via a registered agent at a Wilmington, Delaware address.

This is not a case in which the plaintiff sued and served the correct party but named the party incorrectly. TCI's Amended Answer and Second Amended Answer specifically identified "Providence Wireless, LLC" as a *Delaware* limited liability company, while Providence Florida is, and always has been, a *Florida* entity. In short, both TCI and McGrath named and served an entity that is separate and distinct from Providence Florida, the debtor and removing party.

Moreover, Providence Florida did not come into existence as a corporate entity until February 12, 2018. TCI therefore could not have named or served a nonexistent entity with its

9

Amended Answer on January 11, 2018, and McGrath could not have named or served a nonexistent entity on January 16, 2018. While Providence Florida was formally created on February 12, 2018, TCI nonetheless did not serve Providence Florida with its Second Amended Answer on February 13, 2018 at its Miami, Florida registered address. Instead, the Second Amended Answer was again served upon Providence Delaware at its Wilmington, Delaware address.

As a result, based upon a lack of service, Providence Florida is not a "party" to the State Court Lawsuit pursuant to 28 U.S.C. § 1452. This court has no discretion to permit Providence Florida to circumvent the statutory requirement that only a proper "party" may remove a state court action to federal court. Providence Florida's attempted removal to this court was therefore improper and is effectively a nullity.

It follows that because removal was improper and no debtor is a party to the State Court Lawsuit, the bankruptcy court lacks 28 U.S.C. § 1334 "related to" subject matter jurisdiction over the underlying claims. Providence Florida is not a party to the State Court Lawsuit; the state court cannot, therefore, adjudicate any alter ego claims against or pertaining to it. It also follows that the rights of Providence Florida cannot be affected by the State Court Lawsuit. That being the case, this court has no "related to" jurisdiction over the State Court Lawsuit claims. Accordingly, the State Court Lawsuit must be remanded to the state court from which it was improperly removed.

B. Attorneys' Fees and 28 U.S.C. § 1447(c)

TCI requests that the court award its fees and costs incurred in prosecuting its Motion to Remand, which total nearly $40,000. In ordering remand, a court "*may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). However, the decision to award fees and costs is within the

10

court's discretion. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) (explaining that the "word 'may' [when used in a statute] clearly connotes discretion"). The Supreme Court of the United States set forth the following standard regarding the award of fees under 28 U.S.C. § 1447(c):

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case . . . .

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, the removal was improper, such that the court must remand the State Court Lawsuit to the Superior Court of Wake County, North Carolina. However, in its discretion, the court finds that Providence Florida acted pursuant to an "objectively reasonable basis" in seeking removal to this court. The facts are complicated, and the parties confusing. The number of charts and timelines employed by the court to understand them bears that out. If, in fact, a determination of alter ego status vis-à-vis Providence Florida was possible in the State Court Lawsuit, it was reasonable for it to take whatever action it deemed necessary to have those issues adjudicated in this court, including removal. Providence Florida's actions, while not legally correct, were objectively reasonable. Accordingly, the court declines to award TCI its requested attorneys' fees and costs.

C. Motion for Leave to Amend Notice of Removal

The remaining non-debtor third-party defendants, aside from ACM Capital Advisors GP, LLC, filed a motion for leave to amend the originally filed Notice of Removal on May 2, 2018, Dkt. 39 (the "Motion for Leave"). In the Motion for Leave, the third-party defendants seek leave from the court to amend the Notice of Removal to substitute themselves as the removing parties

instead of Providence Florida. The third-party defendants contend that this amendment will not affect the court's jurisdiction over the matter, as all of the claims asserted by TCI allege that they are alter egos of a debtor in a pending bankruptcy case, such that "related to" jurisdiction still exists. Actually, the state court claims assert that the third-party defendants are alter egos of *another* Providence Wireless, LLC, not the debtor.

Section 1653 of Title 28 of the United States Code governs the contemplated amendment and provides that "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The United States Court of Appeals for the Fourth Circuit interpreted this statute to mean that "after thirty days, district courts have discretion to permit amendments that correct allegations *already present* in the notice of removal. Courts have *no discretion* to permit amendments furnishing new allegations of jurisdictional basis." *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014) (emphasis added) (citations omitted). The Fourth Circuit further explained that "amendment is appropriate for technical changes, such as [alleging] the exact grounds underlying diversity jurisdiction." *Id.*

In this case, the third-party defendants are not merely seeking to clarify or correct facts alleged in the Notice of Removal. Rather, they wish to substitute the removing party entirely. In doing so, they seek to effectively assert a new jurisdictional basis for removal rather than to amend and correct existing jurisdictional facts. As a result, the Motion for Leave must be denied.

## CONCLUSION

Based on the foregoing, the Motions to Remand are GRANTED, and the Motion for Leave is DENIED. The State Court Lawsuit is hereby remanded to the Superior Court of Wake County, North Carolina.